LEACH and another, Respondents, vs. KOCH and another, Appellants.

*April 16—October 5, 1915.*

*Sales: Article made to order: Variance from contract: Substantial performance.*

Plaintiffs were not entitled to recover for the making of a silo form for defendants, the jury having found that the form was not constructed according to the agreement of the parties, and there being evidence that it varied substantially from such agreement.

APPEAL from a judgment of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge.    *Modified and affirmed.*

*J. C. Russell,* for the appellants.

For the respondents the cause was submitted on the brief

of *J. H. Schnorenberg,* attorney, and *E. W. Sawyer,* of counsel, and a separate brief by *Mr. Sawyer.*

The following opinion was filed May 4, 1915:

KERWIN, J.   This action was brought to recover for a silo form at an agreed price of $175, alleged to have been sold and delivered by the plaintiffs to the defendants.

The answer, among other things, alleges that the plaintiffs and defendants entered into an agreement whereby the plaintiffs agreed to make for the defendants two silo forms to be used in defendants' building and erecting concrete silos, one of said forms to be used for the building of twelve-foot diameter silos and the other to be used in building fourteen-foot diameter silos; that said forms were to be ready for delivery April 17, 1913.   There are other allegations in the answer to the effect that the forms were never completed or delivered and that the plaintiffs informed the defendants that they could make but one, the fourteen-foot diameter silo form, and that defendants refused to accept the fourteen-foot form. The defendants deny generally the material allegations of the complaint and also set up a counterclaim to the effect that they were greatly damaged by the failure of plaintiffs to make the forms as agreed.   The jury returned the following verdict:

"(1) Were the plaintiffs, by the agreement of the parties, bound to furnish defendants both a fourteen-foot and a twelve-foot silo form?   *A.* No.

"(2) At the time when the defendants refused to accept the fourteen-foot silo form, was said fourteen-foot silo form completed so as to comply with the agreement of the parties? *A.* No."

Both parties moved for judgment on the verdict.   The court below in deciding the case said that he was of opinion that on the special verdict, when construed in the light of

what transpired on the trial, the plaintiffs were entitled to have the sum of $175 allowed for the fourteen-foot silo form and ordered judgment accordingly, which was entered, from which this appeal was taken.

It is not clear upon what grounds the court ordered judgment for the plaintiffs. It seems that the defendants objected generally to receiving the one silo form on the ground that plaintiffs refused to furnish two, but there was also evidence in the case to the effect that the fourteen-foot form was not constructed according to the agreement, and the jury in answering the second question so found.

The court below evidently thought that if there was a substantial performance of the contract that was sufficient, and that although the plaintiffs had not constructed the form in accordance with the agreement still they were entitled to recover what it was reasonably worth. We cannot discover any other theory upon which the court below ordered judgment.

The jury found that the contract was for one silo form, but the defendants were entitled to have that form constructed in accordance with the agreement and were not obliged to receive it unless it was so constructed. The jury found upon sufficient evidence that the plaintiffs' contract was not performed and that they did not offer to deliver a silo form in accordance with the agreement. Such finding showed no right of recovery. It is argued by counsel for respondents that there was a substantial compliance. The jury found that the form was not according to contract and there is evidence that it varied substantially from the contract, therefore the defendants were not obliged to accept it. Under such circumstances and upon the record the court below should have ordered judgment for the defendants.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to dismiss the complaint.

The respondents moved for a rehearing, and the following opinion was filed October 5, 1915:

KERWIN, J.　On this motion our attention is directed to an error committed by the court in ordering the complaint dismissed.　It appears that certain items for goods sold and delivered to the defendants were admitted by the answer to be a proper claim against the defendants, so it seems that the judgment should have gone for the plaintiffs for that amount with costs.　The complaint was duly verified and the amount claimed exceeded $200, and, the recovery being more than $50, plaintiffs were entitled to costs.　Sub. (7), sec. 2918, Stats.

The whole amount claimed in the complaint was $229.20, with a $5 credit, reducing it to $224.20.　Some interest appears to have been allowed which raised the amount of damages to $234.81.　This interest, of course, was allowed on the $175 claimed for the silo form as well as on the items admitted to be correct.　Apportioning the interest, the amount properly allowed on the $49.90, amount due plaintiffs, would be approximately $2.45, aggregating $52.35, amount for which judgment should have been rendered for plaintiffs, with costs.

*By the Court.*—The judgment of the court below is modified by inserting in lieu of $234.81 damages the sum of $52.35 damages and $64.49 costs and disbursements, and inserting in lieu of $299.75, amount of judgment and costs as entered, the sum of $116.84, and as so modified the judgment is affirmed as of the date of entry.　The appellants are entitled to costs in this court.